***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Rideout and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following: *Page 2 
 FINDINGS OF FACT
1. This matter came before Deputy Commissioner Rideout on defendant's Motion to Dismiss with Prejudice on July 19, 2007. Specifically, defendant moved to dismiss based on plaintiff's failure to name a negligent employee on his Affidavit.
2. During the July 19, 2007 hearing, plaintiff stated he was traveling with a work crew when his bus was involved in a motor vehicle accident. He indicates that he suffered injuries but did not know who the driver was and has no way to ascertain that information.
3. Deputy Commissioner Rideout held the Motion to Dismiss with Prejudice in abeyance until October 5, 2007, to give plaintiff time to determine the named employees and to amend his affidavit.
4. Plaintiff thereafter failed to amend his affidavit to name the alleged negligent employees.
 ***********
Based upon the foregoing finding of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. Plaintiff has failed to name an officer, employee, involuntary servant, or agent of the State upon whose negligence his claim is based. Plaintiff's Affidavit and argument at *Page 3 
hearing fails to show negligence and any negligent acts by employees of defendant. N.C. Gen. Stat. § 143-297.
4. Considering plaintiff's allegations as true, plaintiff has failed to state a claim for negligence upon which relief can be granted. N.C. Gen. Stat. § 143-297
 ***********
Based upon the foregoing Findings of Fact and Conclusion of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This the 8th day of August, 2008.
 S/_______________________
 DIANNE C. SELLERS
 COMMISSIONER
CONCURRING:
 S/_______________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________________ CHRISTOPHER SCOTT COMMISSIONER